| | |
|---|---|
| **EL PASO DISTRICT COURT,**<br>**CITY AND COUNTY OF**<br>**EL PASO, STATE OF COLORADO**<br><br>**Court Address:**<br>**270 S. Tejon Street**<br>**Colorado Springs, CO 80903**<br><br>**Phone Number:** | DATE FILED: July 27, 2018 1:57 PM<br>FILING ID: 75062028D4126<br>CASE NUMBER: 2018CV31879 |
| **Plaintiffss: MJK Holdings LLC; and North West Roofing**<br><br>**v.**<br><br>**Defendant: Scottsdale Insurance Company** | **COURT USE ONLY** |
| **Attorney:**<br>**Name:**<br>**Christopher C.R. Sidebottom**<br>**The Law Office of Christopher Sidebottom**<br>**Phone Number: (720) 505-4057**<br>**E-mail:**<br>**christopher.cr.sidebottom@gmail.com**<br>**Atty. Reg. #: 50145** | **Case Number:**<br><br>**Courtroom:** |
| **COMPLAINT AND JURY DEMAND** ||

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW,** Plaintiffs, MJK Holdings LLC and North West Roofing, by and through his attorneys Christopher C.R. Sidebottom and McClenny Moseley & Associates, PLLC, and as their Original Complaint against Defendant, and as its Original Complaint against Defendant, respectfully states and alleges as follows:

**PARTIES**

1. That at all times material hereto, Plaintiffs, resided at 505 & 511 Security Blvd., Colorado Springs, Colorado 80911.

2. On information and belief that at all material times hereto, Defendant was an insurance company, engaging in the business of insurance in the State of Colorado, and within

Colorado, in the City and County of El Paso, Colorado Springs. Defendant is an insurance company licensed to write homeowner's insurance policies in the State of Colorado.

## JURISDICTION AND VENUE

3. This Court is vested with jurisdiction over Defendant because Defendant does business within the State of Colorado, as authorized.

4. Venue is proper in the District Court, County of El Paso, Colorado, the district in which the claim arose, pursuant to C.R.C.P. 98(c)(4).

## FACTUAL BACKGROUND

5. Plaintiff MJK Holdings, LLC purchased commercial policy number: CPS2261478, which insured the property located at: 505 & 511 Security Blvd., Colorado Springs, Colorado 80911.

6. On or around July 28, 2016, Plaintiff MJK Holdings, LLC experienced a severe weather related event which caused substantial damage to the property and surrounding homes and businesses in the area. The property's damage constitutes a covered loss under the policy issued by Defendant.

7. Plaintiff MJK Holdings, LLC subsequently opened a claim associated with 01729724 and Defendant assigned an adjuster to adjust the claim.

8. On October 1, 2016, Defendant's adjuster, Pamela L. Lewis, conducted an inspection at the property. Defendant estimated the replacement cost value of the property to be $8416.54 less depreciation in the amount $794.11 and the deductible in the amount of $1,000.00, for a net claim of $6,622.43. Defendant's estimate failed to account for the full extent of the damages to the Property's gravel ballast roofing system, exterior, and exterior.

9. On October 17, 2018, Plaintiff MJK Holdings, LLC signed an Assignment of Claims document with Plaintiff North West Roofing.

10. Thereafter, Defendant conducted an engineering inspection of the Property. Following the engineering inspection, Defendant issued an additional payment of $195.78.

11. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant's assigned adjuster failed to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

12. Specifically, Defendant, independently and through its assigned adjuster, Pamela L. Lewis, intentionally and knowingly conducted substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiffs are entitled to under the Policy to place the Property in pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential code.

13. Defendant's inadequate settlement forced Plaintiffs to retain a professional estimate writer to properly assess and evaluate the damage to the property. On or around March 1, 2017, Plaintiffs' professional estimate writer inspected the property. The professional estimate writer estimated the damage to the property to be a total amount of $260,460.07. The professional estimate writer' estimate stands in stark contrast to Defendant's estimates. Such a gross disparity between the two estimates highlights Defendant's bad faith

misconduct in conducting an unreasonable investigation and knowingly underpaying the claim.

14. Plaintiffs' professional estimate writer required a full roof replacement. The professional estimate writer also recommended several significant repairs, including, but not limited to: removal and replacement of approximately 38 squares built-up 4 ply roofing material; removal and replacement of 4" ISO board; removal and replacement of 1" perlite board insulation; removal and replacement of the furnace vents as soft metals cannot be reused under IRC 907.5; and removal and replacement of roof flashing as soft metals cannot be reused under IRC 907.5.

15. Plaintiffs' professional estimate writer not only required a full roof replacement of the clay tile roof, but also estimated for a contractor to comply with the Occupational Safety and Health Administration ("OSHA"). The Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level __**SHALL**__ be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiffs' damages to the Property as an attempt to further deny Plaintiffs benefits owed under the Policy.

16. Defendant wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the policy.

17. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster acted within the course and scope of his authority as authorized by Defendant. Plaintiffs relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

19. Defendant to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy.  Specifically, Defendant refused to pay the full proceeds owed under the policy. Due demand was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged property.

20. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

21. All conditions precedent to recovery under the policy had, and have, been carried out and accomplished by Plaintiffs.

22. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of Christopher C.R. Sidebottom and McClenny Moseley & Associates, PLLC, who are representing both Plaintiffs with respect to these causes of action.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract by Defendant)

23. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

24. At the time of the weather related event, Plaintiffs were entitled to coverage by a contract of insurance with Defendant, under policy number CPS2261478, which covers the property.

25. The subject insurance contract provided that Defendant would pay for damages, which an insured is legally entitled to recover from a covered peril.

26. Defendant breached its contractual duties by refusing and failing to extend and/or offer reasonable benefits of any kind to Plaintiffs in compensation for the property damages, which constitute a covered loss.

27. As a direct consequence of Defendant's breach of contract, Plaintiffs have suffered damages for which Defendant is legally liable, as well as additional litigation costs and attorney's fees in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Claim - Breach of Contract by Defendant)

28. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29. By virtue of the special nature of the insurance contract and the relationship between Plaintiffs and Defendant, Defendant owed Plaintiffs the duty of good faith and fair dealing in handling its claim. *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003). The basis of this liability is the insurer's conduct in unreasonably refusing to pay a claim and failing to act in good faith. *Goodson v. Am. Standard Ins. Co.* 89 P.3d 409, 414 (Colo. 2004).

30. Defendant breached its duty of good faith and fair dealing and acted in bad faith towards its insured, Plaintiffs in that they negligently, improperly, and/or unreasonably handled the claim and failed to properly investigate, evaluate, negotiate and/or settle the claim when it could have or should have done so under the circumstances had it acted fairly and honestly and with due regard for Plaintiffs' interests.

31. Defendant owed a legal duty to Plaintiffs to act timely, to reasonably investigate and make determinations of amounts due and owing, to avoid delay, to not force Plaintiffs to have to litigate or seek legal processes to effectuate its entitlement to benefits unreasonably and to not force Plaintiffs to be required to incur unwarranted or excessive cost to seek such benefits.

32. Defendant has acted in bad faith against Plaintiffs and Plaintiffs' interests in the manners in which it has breached its contract and contractual duties owed to Plaintiffs, and by engaging in such conduct of failing to pay benefits, it knows or should know Plaintiffs is entitled to receive, by forcing delays, forcing Plaintiffs to have to seek legal action to enforce its right to benefits, incur unreasonable cost and delay to its detriment.

33. As a direct consequence of Defendant's bad faith breach of contract, Plaintiffs have suffered damages for which Defendant is legally liable, as well as additional litigation costs and attorney's fees in amounts to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Improper Denial of Claims and Remedies for the Unreasonable Delay or Denial of Benefits)**

34. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Defendant's actions in this matter constitutes an improper and/or unreasonable delay and/or denial of the claim in violation of the Colorado Revised Statutes. COLO. REV. STAT. §§ 10-3-1115, 10-3-1116.

36. Defendant unreasonably delayed and/or denied benefits owed to Plaintiffs that should have been reasonably paid to Plaintiffs, based on what was contained in Defendant's own file.

37. Plaintiffs are entitled, because of this unreasonable delay/denial, by law to two times the amount of any covered benefits and reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an Order of Judgment in its favor and against Defendant awarding Plaintiffs damages in an amount to fairly and reasonably compensate them for its damages as set forth herein above; including but not limited to actual and consequential damages, statutory damages pursuant to CRS § 10-3-1116, exemplary damages, attorney's fees, costs, pre-judgment and post-judgment interest as allowed by law, and for other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.**

Respectfully submitted this 27th day of July, 2018.

Respectfully submitted,

*/s/ Christopher C.R. Sidebottom*
**THE LAW OFFICE OF CHRISTOPHER SIDEBOTTOM**
**Christopher C.R. Sidebottom**
Colorado 50145 | Illinois 6317385
301 Newark Street, Aurora CO 80010
(720) 505-4057
christopher.cr.sidebottom@gmail.com
Attorney for Plaintiffs

EXHIBIT A

OF COUNSEL:

**McClenny, Moseley & Associates, PLLC**
James M. McClenny – Pending *Pro Hac Vice* Admission
State Bar No. 2764142
Federal ID No. 2706476
J. Zachary Moseley – Pending *Pro Hac Vice* Admission
State Bar No. 24092863
Federal ID No. 2706476
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713.334.6121
Facsimile: 713.322.5953
James@mma-pllc.com
Zach@mma-pplc.com